UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-484 PA (AFMx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | Lauren Boden, et al. v. Joseph E Caceres | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     Before the Court is Plaintiff's 2nd Amended Complaint ("SAC") filed by plaintiffs Lauren Boden and Jeff Benjamin ("Plaintiffs"), proceeding pro se, against defendant Joseph E Caceres ("Defendant"). (Docket No. 12.) Plaintiffs appear to allege that the Defendant was Plaintiffs' landlord for a residential property, and that Defendant violated provisions of the lease agreement, failed to pave the driveway causing Plaintiffs to suffer injury, and committed fraud related to rental relief. For the following reasons, the Court dismisses the SAC without leave to amend.

     Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." L.R. 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

     Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-484 PA (AFMx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | Lauren Boden, et al. v. Joseph E Caceres | | |

is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Jurisdiction may also be based on the existence of a federal question. See 28 U.S.C. § 1331. "Title 28 U.S.C. § 1331 vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (quoting 28 U.S.C. § 1331). "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for So. Cal., 463 U.S. 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). The "mere presence of a federal issue in a state cause of action" does not automatically confer federal-question jurisdiction. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

Here, the SAC fails to establish this Court's subject matter jurisdiction. The SAC does not allege facts supporting the Court's diversity jurisdiction, as Plaintiffs fail to allege their own or Defendant's citizenship. Instead, Plaintiffs allege that Plaintiffs are from Florida, have drivers licenses and belongings in Florida, and have no real property in California. (SAC ¶ 1, Docket No. 12.) Those allegations are insufficient to establish citizenship, as a person's citizenship is determined by their domicile. See Kanter, 265 F.3d at 857. Plaintiffs also provide no allegation as to Defendant's citizenship within the SAC. (See generally SAC.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. The SAC also fails to assert a federal claim despite stating a federal question exists, as the SAC does not allege a claim under any federal statue that creates a private right of action. See Duncan, 76 F.3d at 1485. Accordingly, the Court finds that Plaintiffs fail to establish this Court's exercise of subject matter jurisdiction.

"Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-484 PA (AFMx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | Lauren Boden, et al. v. Joseph E Caceres | | |

present, the appropriate response is clear." Asana Partners Fund II Reit 14 LLC v. Health Fam. I LLC, 20-cv-1034, 2020 WL 7241449, at *4 (W.D. Was. Dec. 9, 2020) (quoting Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996)).  The Court twice provided Plaintiffs leave to amend to fix the deficient subject matter jurisdiction allegations.  (See Order, Docket No. 9; Order, Docket No. 11.)  Despite multiple opportunities and the Court's warning that "[f]ailure to . . . adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice," Plaintiffs' action suffers from the same defect identified in the original Complaint and First Amended Complaint.  (Id.)  Because of Plaintiff's repeated failure to cure deficiencies after receiving leave to amend, the Court dismisses Plaintiffs' SAC without leave to amend.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) ("A district court . . . may in its discretion deny leave to amend 'due to . . . repeated failure to cure deficiencies by amendments previously allowed . . . .'").

      For the reasons stated above, the Court dismisses Plaintiffs' SAC without leave to amend.  The Court will issue a Judgment consistent with this Order.

      IT IS SO ORDERED.